IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMES L. TATE, JR.,**

    **Plaintiff,**

vs.                                           Case No. 4:16cv575-WS/CAS

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on September 14, 2016. Plaintiff submitted a handwritten "complaint," ECF No. 1, and an in forma pauperis motion, ECF No. 2. An Order was entered advising Plaintiff that he must submit a complaint on a court provided form, and he must submit a copy of his inmate bank account statement to demonstrate his entitlement to in forma pauperis status. ECF No. 4.

Plaintiff has now an in forma pauperis motion on the court form, ECF No. 5, but Plaintiff did not provide the standard copy of his inmate bank account statement from the Department of Corrections. Instead, Plaintiff provided a different type of printout, ECF No. 5, which shows a zero

balance and a large lien balance.  Plaintiff also did not file a proper complaint as required on the court provided form.  Instead, Plaintiff submitted a document which is not clearly titled, does not clearly state a claim, and appears to request both a transfer to another prison and a 45-day extension of time.  ECF No. 6.  Plaintiff does not clearly explain why he needs an extension of time other than to spend "time in the law library to do proper research on" this case.  ECF No. 6 at 1.

Review of these documents, and considering the large lien balance on his account, prompted review of Plaintiff's prior filings in this Court. Judicial notice is taken that Plaintiff previously sought to file a case in this Court in 2013 and proceed with in forma pauperis status.  *See* case # 4:13cv06-RH/CAS.  An Report and Recommendation was entered in that case on February 13, 2013, which detailed the fact that Plaintiff had accumulated at least four "strikes" and was not permitted to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Specifically, it was noted that Plaintiff initiated case number 8:11cv481 in the Middle District of Florida.  That case was dismissed for failure to prosecute and Plaintiff appealed that dismissal.  Plaintiff's appeal was then dismissed as frivolous under § 1915(e)(2)(B)(i) and counts as a "strike" for purposes of § 1915(g).

Case No. 4:16cv575-WS/CAS

Plaintiff also initiated case number 6:10cv01257 in the Middle District of Florida. After the court dismissed his petition for writ of mandamus, Plaintiff filed an appeal. Similarly, the appeal was dismissed as frivolous under § 1915(e)(2)(B)(i) and counts as a second strike under § 1915(g).

Plaintiff initiated case number 4:10cv208 in this Court. That case was dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim and because Plaintiff sought "monetary relief against numerous defendants who [were] immune from such relief." ECF No. 25 of that case. That dismissal counts as Plaintiff's third strike. In addition, Plaintiff accumulated a fourth strike when Plaintiff appealed the dismissal of that case, and the appeal was dismissed as frivolous. ECF No. 40 of that case. Moreover, Plaintiff recently sought to initiate another case in this Court, case number 4:15cv552-RH/GRJ, which was just recently dismissed on July 30, 2016, pursuant to 28 U.S.C. § 1915(g). ECF Nos. 8-9 of that case. Plaintiff is well aware that he is not entitled to proceed with in forma pauperis status absent allegations which bring him within the exception to § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) mandates that a prisoner may not bring a civil action with in forma pauperis status:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, because Plaintiff has accumulated more than three "strikes," Plaintiff may only proceed in this case if he meets the exception - that is - Plaintiff must allege he is in "imminent danger of serious physical injury."  Plaintiff's initial case initiating document, ECF No. 1, has been reviewed along with his recent "motion," ECF No. 6.  Neither document presents factual allegations of such impending harm.

Accordingly, Plaintiff does not need additional time to properly submit an in forma pauperis motion or proper complaint because he is barred from so proceeding pursuant to 28 U.S.C. § 1915(g).  If Plaintiff desires to re-file this case and present claims concerning the conditions of his confinement, Plaintiff must pay the full amount of the filing fee at the same time he submits the complaint.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motions to proceed in forma pauperis, ECF Nos. 2 and 5, be **DENIED** pursuant to 28 U.S.C.

§ 1915(g), that all other pending motions be **DENIED**, that the case be **DISMISSED** without prejudice, and the order of dismissal direct the Clerk to note on the docket that this case was dismissed under § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2016.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv575-WS/CAS